885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas BODONCZY, a/k/a Nico, Defendant-Appellant.
 No. 88-5689.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1989.
Decided Sept. 14, 1989.
 
 Mary Lou Newberger, Assistant Federal Public Defender for appellant.
 Amy Michelle Lecocq, Assistant United States Attorney (Michael W. Carey, United States Attorney on brief) for appellee.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and RICHARD L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Nicholas Bodonczy appeals the sentence imposed on him pursuant to his plea of guilty to five cocaine-related drug offenses. He was sentenced to 36 months imprisonment, which was within the guideline range of 33-41 months for the offense level and criminal history category the district court found applicable to his case. We affirm.
 
 
 2
 As a preliminary matter, we note that several of Bodonczy's arguments are based on the assertion that the district court applied the wrong standard in evaluating the evidence presented at the sentencing hearing. Bodonczy argues that any factors tending to aggravate his sentence must be proved by clear and convincing evidence. The district court ruled that a preponderance of the evidence standard was appropriate. We recently adopted the preponderance standard for sentencing decisions in cases to which the Federal Sentencing Guidelines apply, see United States v. Wilson Fernely Urrego-Linares, --- F.2d ----, No. 88-5646 slip op. (4th Cir. July 20, 1989), so this threshold issue is decided against Bodonczy. The record shows that the district court found, and was reasonable in finding, that all of its conclusions were supported by a preponderance of the evidence.
 
 
 3
 Appellant's arguments will be taken up in turn.
 
 
 4
 A. TRANSACTIONS AMONG ANDREAS BODONCZY, FRANKEL AND QUITTNER
 
 
 5
 In calculating the offense level, the court took into account the distribution of five ounces of cocaine to codefendants Alan Frankel and Ian Quittner in January and March of 1988. This finding raised the total amount of cocaine in which Nicholas Bodonczy was found to have trafficked from five to ten ounces, and consequently, raised his offense level from 18 to 20. Appellant assigns error, claiming the evidentiary basis was insufficient to find Bodonczy involved in these transactions, and that even if it were sufficient, his involvement was not an appropriate subject of consideration.
 
 
 6
 The record shows that the district court had abundant evidence before it to support its conclusion, by a preponderance of the evidence, that Nicholas Bodonczy was involved in the transactions in question. There was evidence that his brother, Andreas, acted on his behalf and with his authorization when Bodonczy was out of the country. Codefendants Frankel and Quittner, who also pleaded guilty, stated that Bodonczy was the moving force behind the January and March transactions. The district judge, of course, was in the courtroom and had a first hand opportunity to judge the credibility of the evidence.
 
 
 7
 The fact that Bodonczy was not prosecuted for these transactions is no bar to consideration of them at sentencing. The government has a right to dismiss counts against a defendant, or to refuse to take them to the grand jury in the first place, either as part of the plea bargaining process or as a discretionary matter. Under the Guidelines, however, the sentencing court is specifically authorized to aggregate amounts of cocaine shown to have been involved in defendant's overall conduct. Commentary Note 11 following Guideline 2D1.1 provides that "[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." Guideline 1B1.3(a)(2) provides that "all ... acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction" can be considered at sentencing. Here, the trial court found by a preponderance of the evidence that Bodonczy was part of an ongoing scheme to traffic in cocaine with his brother and others, and that the January and March transactions were part of that scheme.
 
 
 8
 Title 18, United States Code, Section 3742(e) requires that findings on factual issues below be upheld unless clearly erroneous. On this record, it cannot be said that the finding that Bodonczy was involved in these dealings was clearly erroneous.
 
 B. SENTENCES OF CODEFENDANTS
 
 9
 Bodonczy next claims that his sentence was unfair in the light of the more lenient sentences given his codefendants. However, no case law is cited for this proposition, which amounts to saying that the sentences given multiple defendants must somehow be mutually consistent. Assuming, arguendo, that inconsistency exists, we find no error in either the application of the Federal Sentencing Guidelines or the results in Bodonczy's case.
 
 
 10
 A variety of factors can properly create variant sentences. The doctrine of prosecutorial discretion gives the government wide latitude in deciding what charges to bring against different defendants. See, e.g., United States v. McClintock, 748 F.2d 1278 (9th Cir.1984), and cases cited therein at 1283-85. Plea bargaining, which has specifically been approved by the United States Supreme Court as an essential component of the administration of justice,[1] and which is useful for securing the testimony of some conspirators in order to convict others, often leads the government to decline to prosecute charges which otherwise might well end in conviction. Such facts of prosecutorial life necessarily result in sentences which various defendants in a given case might term "inconsistent," but which, nevertheless, suffer no defect of fairness.
 
 
 11
 As to the appropriateness of sentences generally, Guideline 5K1.1 specifies that substantial assistance to the government in the prosecution of other offenders can justify a downward departure from the normal guideline range, and Rule 35 of the Federal Rules of Criminal Procedure permits the reduction of a sentence already imposed as a reward for such substantial assistance: "[t]he court, on motion of the Government, may ... lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another...." Thus, both the prosecution and the trial judge may treat various codefendants differently, based on circumstances peculiar to each case, absent a specific violation of sentencing law.
 
 
 12
 Moreover, even if appellant could show some statutory or constitutional warrant for the sentencing principles he urges, ample justification can be found for the sentences actually imposed. The record supports the proposition that Quittner gave useful information to the government, while Bodonczy told an unbelievable story about receiving drugs from a source whose name he did not know, presumably to avoid incriminating his drug connections in Peru and Florida. This alone would suffice to justify Quittner's lighter sentence.
 
 
 13
 As to codefendant Frankel, he appears to have had a lesser degree of involvement in the drug business than Bodonczy, who was the "source" that arranged the importation of cocaine from Peru, a country he visited a number of times. Frankel's lesser involvement explains and justifies his lighter sentence.
 
 C. ACCEPTANCE OF RESPONSIBILITY
 
 14
 Appellant argues he is entitled to a two-point reduction in his offense level for acceptance of responsibility pursuant to Guideline 3E1.1(a). However, Guideline 3E1.1(c) makes it clear that a defendant is not automatically entitled to the reduction by virtue of having pleaded guilty. Here, the trial court could reasonably have found, and did find, from the record that Bodonczy concealed material information from the government after negotiating his plea agreement, even though he had agreed to disclose such information. Secondly, that his lack of remorse was evident from his attempt, while on pretrial release for the charges to which he pleaded guilty in the present case, to negotiate another cocaine deal with undercover narcotic agents in a different jurisdiction. Surely this sort of conduct justifies denial of reduction in offense level; indeed, the government had argued for an increase in the offense level for obstructing or impeding justice pursuant to Guideline 3C1.1. (The district court denied this request.) Unrepentant defendants who have in no way accepted moral responsibility for their crimes often enter pleas of guilty in the belief that this represents their best strategy under the circumstances; indeed, it is possible for a defendant to plead guilty while continuing to deny having committed the crime with which he is charged.[2] From the record, it seems likely that a plea motivated purely by considerations of strategy was entered here,[3] and it was not clearly erroneous for the district court to hold that Bodonczy had not accepted responsibility.
 
 D. CONCLUSION
 
 15
 For the foregoing reasons, the judgment of the court below is
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Santobello v. New York, 404 U.S. 257, 260 (1971)
 
 
 [2]
 North Carolina v. Alford, 400 U.S. 25 (1970)
 
 
 [3]
 And if so, a successful one; the 36-month sentence Bodonczy received was toward the lower end of the applicable guideline range of 33 to 41 months. Indeed, while the law is not on appellant's side in this case, still less are the equities. For what appears to have been heavy involvement in the cocaine trade, perpetrated by a professional drug dealer--government agents believed he had been involved in no fewer than fifty separate cocaine transactions involving the same drug ring--Bodonczy received a sentence of only three years' imprisonment